IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Anthony Lee, )
    Petitioner, )
   )
v. )      1:15cv139 (JCC/MSN)
   )
Eric D. Wilson, )
    Respondent. )

## MEMORANDUM OPINION

Anthony Lee, a federal inmate housed in the Eastern District of Virginia and proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the decision by the Bureau of Prisons ("BOP") denying his request for *nunc pro tunc* designation of the federal facility in which he served state sentences. Respondent filed a Motion to Dismiss, or, in the Alternative for Summary Judgment on June 15, 2015 and petitioner has responded. Accordingly, this matter is now ripe for disposition. For the reasons that follow, respondent's Motion for Summary Judgment must be granted, and final judgment will be entered in his favor. Respondent's Motion to Dismiss will be denied as moot.

### I. Background

Petitioner was arrested by law enforcement officials on October 5, 2005, for various state firearms and drug offenses. Dkt. No. 6 (Mandes Decl.). Petitioner posted bail on October 6, 2005, and he was released on bond. Id. These state charges were subsequently dismissed on June 4, 2007. Id. On October 13, 2005, petitioner was again arrested by local law enforcement on additional state charges. Id. Again, petitioner was released on bond on October 17, 2005. Id. Petitioner was again arrested on January 19, 2006, by local law enforcement officials for state

firearms and drug offenses. Id. Following this arrest, petitioner remained in the custody of the Commonwealth of Pennsylvania. Id. These state charges were dismissed on June 4, 2007. Id.

While still in state custody, on September 14, 2006, petitioner was indicted by the Untied States District Court for the Western District of Pennsylvania ("Western District"), in Docket Number 2:06-CR-00320, for multiple firearms charges and possession with intent to distribute crack/cocaine. Id. At this time, petitioner was a state detainee at the Allegheny County Jail in Pittsburgh, Pennsylvania. Id. On September 15, 2006, a federal writ of habeas corpus *ad prosequendum* was filed requesting petitioner's initial appearance in the Western District regarding his federal charges. Id.

On October 19, 2006, pursuant to the federal writ, petitioner was "borrowed" by federal authorities from the Commonwealth of Pennsylvania ("Pennsylvania"). Id. Petitioner then remained in the temporary custody of the United States Marshals Service ("USMS") throughout the pendency of his federal criminal case. Id.

On October 20, 2008, subsequent to his convictions of Possession with Intent to Distribute 5 Grams or More of Cocaine Base, Possession of a Firearm by a Convicted Felon, and Possession of a Firearm in Furtherance of a Drug-Trafficking Crime, petitioner was sentenced by the Western District to a 137-month term of imprisonment. Id. This federal sentence was subsequently reduced to 120 months. Id.

Following his federal sentencing, on October 27, 2008, petitioner was returned to the primary custody of Pennsylvania. Id. His federal judgment was filed as a detainer with Pennsylvania. Id.

On February 2, 2009, petitioner was sentenced in Pennsylvania to a 72-month state term of imprisonment for convictions of Robbery-Inflict Serious Bodily Injury, Burglary, and

Criminal Conspiracy. Id. On September 17, 2009, petitioner began service of his multiple state sentences with the Pennsylvania Department of Corrections. Id. On May 2, 2011, petitioner was released from his Pennsylvania state custody to the USMS for service of his federal sentence. Id.

In accordance with the Bureau of Prisons Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), and 18 U.S.C. § 3585(a), the BOP considered May 2, 2011 to be the date that petitioner commenced his federal sentence. Id. May 2, 2011 was the first day petitioner was in exclusive custody of federal authorities for the sole purpose of serving his federal sentence. Id. Prior to this date, petitioner was in the primary custody of Pennsylvania authorities, based upon his initial state arrest and to serve his various state sentences. Id.

BOP applied prior custody credit to petitioner's federal sentence for several periods of time during which he was in federal custody (following the date of his federal offense) and for which the BOP verified had not already been credited to petitioner's Pennsylvania state sentences. Id. Thus, BOP applied 1,068 days of prior custody credit to petitioner's federal sentence based upon: (1) October 5, 2005 through October 7, 2005; (2) October 13, 2005; (3) September 19, 2006 through May 28, 2009; and (4) June 28, 2009 through September 16, 2009. Id. BOP determined that petitioner was not entitled to credit against his federal sentence for the period of September 17, 2009 until May 1, 2011 because those days were previously credited to his Pennslyvania sentence that ended on May 2, 2011. Id. Petitioner does not contest any of these facts. See Dkt. No. 8

BOP considered petitioner's request for prior custody credit for time spent in case custody as a request for a *nunc pro tunc* designation. Dkt. No. 6 (Mandes Decl.). Often, as part of the review process, the federal court that imposed the inmate's sentence is contacted for its recommendation regarding a retroactive concurrent designation. Id. Pursuant to this practice, on

August, 10, 2012, BOP sent a letter to the Western District requesting an opinion in regards to its position on a retroactive designation in this case. Id. BOP never received a response from the Western District; however, BOP received a response from the United States Attorney's Office for the Western District of Pennsylvania regarding petitioner's sentencing. Id. In that letter dated September 27, 2012, Assistant United States Attorney Ross Lenhardt stated that petitioner is "inappropriate and unsuitable for retroactive designation as a state prisoner." Id. In a subsequent email dated October 2, 2012, the United States Attorney's Office confirmed that: (1) the September 27, 2012 letter reflected the Office's recommendation; and (2) although the Western District opted not to respond to BOP's recommendation request, it had indicated that it had "no problem with the US Attorney's Office forwarding its opinion." Id.

Following that email correspondence, BOP conducted a Barden review of the facts of petitioner's case, based upon the factors set out in 18 U.S.C. § 3621(b). Id.; see also Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990). After considering all relevant factors, including: the resources of the facility contemplated; the nature and circumstances of the petitioner's offense; the history and characteristics of the prisoner (including institutional adjustment and prior criminal history); any statement by the sentencing court (including no response from the judge); and any pertinent policy statement issued by the Sentencing Commission pursuant to 18 U.S.C. § 924(c), BOP determined that a concurrent designation would not be appropriate in this case. Dkt. No. 6 (Mandes Decl., Att. 22).

Petitioner filed administrative remedy requests through BOP's Administrative Remedy Program seeking reconsideration of BOP's determination. Dkt. No. 6 (Mandes Decl.) His

requests have been denied at all levels. Id. Thus, his administrative remedies have been exhausted with regard to the issues concerning his sentence computation.[1] Id.

Petitioner is currently housed at FCC-Petersburg in the Eastern District of Virginia. His federal sentence has been computed based upon a 120-month term of imprisonment that began on May 2, 2011. Dkt. No. 6. He has been granted 1,068 days of prior custody credit. Id. Based on this calculation, and with projected earned good conduct time, petitioner is currently scheduled to be released from BOP custody on February 13, 2017. Id.

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.[2] The moving party bears the burden of proving that judgment as a matter of law is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden shifts to the nonmoving party to point out the specific facts that create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

---

[1] In the context of federal habeas petitions challenging sentence computations, parole determinations, or good time credits calculations, courts have required petitioners first to exhaust their administrative remedies. See United States v. Wilson, 503 U.S. 329, 335-36 (1992) (holding that Congressional changes to 18 U.S.C. § 3568 did not divest the Federal Bureau of Prisons ("BOP") of the authority to compute federal prisoners' sentences and noting that federal prisoners may seek judicial review of these computations after exhaustion of their administrative remedies); United States v. Bayless, 940 F.2d 300, 304-305 (8th Cir. 1991) (refusing to reach petitioner's challenge to computation of his sentence because petitioner had failed to exhaust his administrative remedies with the BOP); United States v. Lucas, 898 F.2d 1554, 1555-56 (11th Cir. 1990) (holding that a dissatisfied prisoner may only avail himself of judicial review after an adverse administrative decision by the BOP regarding his sentence calculation).

[2] Respondent moved both for dismissal of Lee's petition and alternatively for summary judgment. Because respondent relies on evidentiary material, the Court finds it appropriate to review its position pursuant to the standard of review for summary judgment requests.

5

248 (1986). The nonmoving party must present some evidence, other than its initial pleadings, to show that there is more than just a "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); see also Celotex, 477 U.S. at 324 (quoting Rule 56(e)) ("Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by [other evidence] designate 'specific facts showing that there is a genuine issue for trial.'"). In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

Those facts which the moving party bears the burden of proving are facts which are material. "[T]he substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of material fact is genuine when, "the evidence . . . create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Commc'ns Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985), abrogated on other grounds by Price Waterhouse v. Hopkins, 490 U.S. 228 (1989). Therefore, summary judgment is appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the nonmoving party. Matsushita Elec. Indus. Co., 475 U.S. at 587.

### III. Analysis

Petitioner argues that his federal sentence should be credited with prior state custody credit, specifically the period of time from September 17, 2009 through May 2, 2011, during which he was serving a Pennsylvania state sentence. Petitioner does not contest that this

requested sentencing credit has already been applied to his state sentence, and by law, the prior custody credit may not be applied to his federal sentence after being previously credited to his state sentence. BOP has properly reviewed petitioner's individual case for a possible *nunc pro tunc* designation, and in accordance with the relevant authorities, has determined that such a designation is not appropriate in this case. Accordingly, judgment must be entered in favor of respondent.

A.  Petitioner Has Received All Sentencing Custody Credit That He is Entitled To

Petitioner was sentenced by the Western District in accordance with the Sentencing Reform Act of 1984, which applies to all sentences for offenses committed after October 31, 1987. The Sentencing Reform Act includes a provision that addresses "prior custody credit" and controls credit determinations for sentences imposed under the Act. Specifically, the awarding of prior custody credit toward a federal term of imprisonment is controlled by 18 U.S.C. § 3585, which provides:

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). The plain language of § 3583(b) makes clear that prior custody credit may not be granted if the prisoner has already received the same credit towards another sentence. By enacting this provision, "Congress made clear that a defendant could not receive a double credit for his detention time." United States v. Wilson, 503 U.S. 329, 337 (1992). Despite petitioner's conclusory allegations to the contrary, it is

well established that BOP has the authority to grant pre-sentencing jail credit and to compute federal sentences. Wilson, 503 U.S. at 335.

In this case, petitioner asks this Court to grant him a double credit for his detention time. Pursuant to authorities, petitioner has been awarded prior custody credit against his federal sentence for periods of time that he spent in custody, including state custody, following the date of his instant federal offense, and for which credit had not been previously applied to any other sentence. Specifically, BOP applied 1,068 days of prior custody credit to petitioner's federal sentence representing: (1) October 5, 2005 until October 7, 2005; (2) October 13, 2005; (3) September 19, 2006 until May 28, 2009; and (4) June 28, 2009 until September 16, 2009. Petitioner was granted this 1,068-day custody credit after BOP determined these periods of time had not been previously credited against any other sentence. Now, petitioner seeks additional credit against his federal sentence for the entire period of September 17, 2009 through May 2, 2011.

With regard to the additional period of time petitioner seeks, he does not contest that he has already been given credit for this time towards his state term of imprisonment, and the award of this same time on his federal sentence is prohibited as double credit under § 3585(b). Thus, petitioner has established no evidence that BOP has improperly failed to grant him pre-sentencing jail credit or that BOP has computed his federal sentence incorrectly.

Additionally, petitioner has not established that he is entitled to an exception from this well-established statutory bar. Although 18 U.S.C. § 3585(b) clearly bars crediting a federal term with time already counted toward another sentence, the Fifth Circuit recognized an exception in Willis v. United States, 438 F.2d 923, 935 (5th Cir. 1971). Under Willis, BOP may

grant prior custody credit, even where it results in a double-credit toward a state sentence, when two conditions are met: "(1) a prisoner's state federal sentences run concurrently; and, (2) the federal sentence full term release date is equal to or greater than the state sentence full term release date." Winston v. Stansberry, No. 3:10CV631, 2011 WL 2693383, at *2 (E.D. Va. July 11, 2011) aff'd, 472 F. App'x 199 (4th Cir. 2012) (quoting Willis, 438 F.2d at 925). If both conditions are met, then "credit is given toward the federal sentence for time spent in state pre-sentence custody that begins on or after the date of the federal offense, and runs to the imposition of the first state sentence." Id. These credits are only available for "time spent in non-federal presentence custody, before either a state or federal sentence is imposed." Hargrove v. Wilson, No. 3:14CV75, 2015 WL 459224, at *4 (E.D. Va. Feb. 3, 2015). Courts have held that where inmates received credit against their state sentences for all time spent in custody prior to the state sentencing, and did not spend extra time in state custody because of federal charges, the concerns set out in Willis are "not present and no further credit is warranted." Id.

The exception set out in Willis is not applicable here as petitioner's state and federal sentences did not run concurrently. Additionally, to the extent petitioner claims his federal sentence should be deemed to have commenced prior to May 2, 2011, his argument is without merit. United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998) (explaining that federal custody commences only when an inmate is relinquished by state authorities upon satisfaction of his state obligation). There is no evidence that prior to May 2, 2011 petitioner was in the primary jurisdiction of federal authorities, much less in custody of federal authorities for the purpose of serving his federal sentence. Thus, petitioner's federal sentence has been credited with all prior custody credit to which he is entitled. Because petitioner has failed to show that he is in custody

in violation of the Constitution or laws of the United States, he is not entitled to the habeas corpus relief he seeks, and respondent's Motion for Summary Judgment must be granted.

B.   BOP Properly Exercised its Discretion in Denying Petitioner's Request for a *Nunc Pro Tunc* Designation

When petitioner was federally sentenced on October 20, 2008, he was in the primary custody of Pennsylvania state authorities based upon pending state charges. In imposing the federal sentence, the Western District was silent regarding the relationship between the federal sentence and any future state sentence petitioner might face. Dkt. No. 6 (Mandes Decl., Att. 9). Thus, the federal sentencing court made no ruling as to whether the federal sentence should run consecutive to, or concurrent with, a future, potentially overlapping state sentence. In accordance with 18 U.S.C. § 3584(a),[3] petitioner's federal sentence was properly computed as running consecutive to the state sentence that was imposed while he was under the primary jurisdiction of Pennsylvania state authorities.

Pursuant to 18 U.S.C. § 3585(a), an inmate's federal sentence does not commence until he is received into federal custody; however, in some circumstances, an inmate's prior state incarceration may be credited against his federal sentence if BOP grants a *nunc pro tunc* designation. This designates the prior local or state correctional institution as the facility in which the inmate serves a portion of his federal sentence. Barden, 921 F.2d at 480. BOP has the discretionary authority to designate a state correctional institution for service of a federal term of

---

[3] "Imposition of concurrent or consecutive terms.--If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C § 3584(a).

imprisonment. Id.; see also 18 U.S.C. § 3621(b). When BOP grants a *nunc pro tunc* designation, the time served in state custody is credited against the time an inmate must serve on a federal sentence, in effect causing the state and federal sentences to run concurrently. Trowell v. Beeler, 135 F. App'x 590, 593 (4th Cir. 2005).

Despite petitioner's obvious displeasure with the result in this case, BOP has wide discretion in making *nunc pro tunc* designations. BOP's final determination regarding a *nunc pro tunc* designation is based upon an individual review of the inmate's case, consideration of the statutory factors found in 18 U.S.C. § 3621(b)(1)-(5),[4] the BOP's policy found in Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence, the federal sentencing court's recommendations, and the holding in Barden. A retroactive designation is made only after the review of all relevant factors under 18 U.S.C. § 3621(b); however, BOP does not have to consider *each* factor, and it is not an abuse of discretion for BOP to omit an irrelevant or absent factor from its analysis. Trowell, 135 F. App'x at 596 n.4. Barden does not direct BOP to grant *nunc pro tunc* designations, it only requires that BOP make individual determinations as to whether a designation would be appropriate based on an inmate's individual case. Barden, 921 F.2d at 478, 483. Clearly, BOP has statutory authority to "exercise sound

---

[4] Section 3621(b) provides that the BOP shall designate the place of a prisoner's imprisonment, and may designate any facility that meets minimum standards and that the BOP determines is "appropriate and suitable, considering -

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence —
>   (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>   (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28."

discretion in designating particular facilities." Trowell, 135 F. App'x at 593; see also 18 U.S.C. § 3621(b).

Pursuant to these authorities, federal habeas review of BOP's *nunc pro tunc* designation is highly differential, and once BOP has considered and made a decision based on an inmate's request, federal judicial review is limited to consideration of whether an abuse of discretion occurred. Barden, 921 F.2d at 478; Fegans v. United States, 506 F.3d 1101, 1105 (8th Cir. 2007). Thus, federal habeas relief is unavailable when BOP has denied a request for *nunc pro tunc* designation after properly analyzing the relevant factors listed in 18 U.S.C. § 3621.

Petitioner in this case contends that BOP erred in failed to make his federal sentence run concurrently with his state sentence. BOP does not dispute that it had the authority to make the *nunc pro tunc* designation petitioner wanted; however, the uncontested evidence establishes that BOP properly considered petitioner's request and denied it. BOP initially reviewed petitioner's case and considered the statutory factors set out in 18 U.S.C. § 3621(b)(1)-(5). Specifically, petitioner's federal sentencing court did not make any recommendation about whether his federal sentence should run concurrent with, or consecutive to, his future-imposed state sentence. Even when BOP contacted the Western District for an opinion regarding whether it would grant a retroactive designation, the federal sentencing court did not reply. The United States Attorney's Office for the Western District of Pennsylvania ("U.S. Attorney's Office") recommended that petitioner not be granted a retroactive designation, and the court did not disagree with this recommendation. There is no evidence to support petitioner's speculative assertion that the statement of the U.S. Attorney's Office was construed as the opinion of the Western District or given controlling weight in the BOP's evaluation and decision.

Additionally, when evaluating the factors in 18 U.S.C. § 3621(b), BOP reviewed all aspects of petitioner's case, including: his designation as a High Security Level inmate, his disciplinary record while in BOP custody, and his instant federal offenses. Dkt. No. 6 (Mandes Decl., Att. 22). BOP also considered petitioner's extensive criminal history that was included in the Pre-Sentence Investigation Report used during sentencing, which included: convictions for robbery inflicting serious bodily injury, burglary, conspiracy, theft, assault, escape, fleeing law enforcement officers, and possession of controlled dangerous substances. All factors that BOP considered were appropriate. Thus, BOP exercised its discretion properly in determining that a *nunc pro tunc* designation was not appropriate in petitioner's case.

Because petitioner's individual case was reviewed in accordance with <u>Barden</u> and the factors in 18 U.S.C. § 3621(b), petitioner is not entitled to the relief sought in the instant habeas petition. Accordingly, as no material facts are genuinely disputed and the evidence as a whole could not lead a rational finder of fact to rule for the petitioner in this case, respondent is entitled to the summary judgment he seeks. <u>Matsushita</u>, 475 U.S. at 587.

### IV. Conclusion

For the above-stated reasons, respondent's Motion for Summary Judgment will be granted, and this petition will be dismissed, with prejudice. Respondent's Motion to Dismiss will be denied, as moot. An appropriate order shall issue.

Entered this 5th day of November 2015.

Alexandria, Virginia

/s/
James C. Cacheris
United States District Judge

13